UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY GOODING,

    Plaintiff,

v.

NICHOLAS EVANS, MICHAEL
RAMELIS, ENNIS, OTTO, SMITH,
and JOHN DOES

    Defendants.
_____/

Case No. 2:24-cv-12097
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 23)
AND CONSTRUING THE SECOND AMENDED COMPLAINT AS THE GOVERNING COMPLAINT (ECF No. 22)</u>**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Mark Anthony Gooding (Gooding), proceeding *pro se*, is suing the above-captioned defendants. He alleges federal claims including excessive force/assault, malicious prosecution, the withholding/destruction of evidence, as well as state law claims of malicious prosecution, assault and battery, and the intentional infliction of

1

emotional distress. (ECF No. 1).[1] On August 30, 2024, the case was referred to the undersigned for all pretrial proceedings. (ECF No. 7).

Before the Court is Gooding's motion for reconsideration (ECF No. 23), in which he explains why his second amended complaint (ECF No. 22) should govern the proceedings. For the reasons that follow, Gooding's motion will be GRANTED IN PART and DENIED IN PART. The second amended complaint (ECF No. 22) shall govern, but Gooding's civil conspiracy claim and all claims against J. Randall Secontine (Secontine) will remain dismissed.

## II. Background

In denying Gooding's September 25, 2024 motion for extension of time to file an amended complaint, the Court explained that his previous motion to amend the complaint had been denied as moot and his first amended complaint, (ECF No. 11), was filed as of right. (ECF No. 13). The first amended complaint therefore governed the case, and no extension of time was necessary to file an amended complaint. (*Id.*). The Court also explained that any future amendment to the complaint would require a motion to amend explaining the reasons that Gooding wanted to amend the complaint, and that under Local Rule 15.1, Gooding must attach the proposed amended complaint to such a motion motion. (*Id.*).

---

[1] Gooding's claim against J. Randall Secontine as well as his civil conspiracy claim have been dismissed. (ECF No. 6).

On October 9, 2024, a second amended complaint from Gooding was entered on the docket. (ECF No. 22). The next day, Gooding filed the instant motion for reconsideration. (ECF No. 23). In his motion, he notes that his second amended complaint was filed within the time for amending as a matter of course; that the district judge's ruling dismissing his claims against Secontine and his conspiracy claim caught him off guard; and that his second amended complaint should govern this case. (ECF No. 23).

### III. Legal Standards

#### A. Motions for Reconsideration

Motions for reconsideration of non-final orders must be filed within 14 days after entry of the order, as Kelmendi has done here. E.D. Mich. LR 7.1(h)(2). Although motions for reconsideration of non-final orders are disfavored, they may be granted upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.*

B.   Amending the Pleadings

Amendments to pleadings before trial are governed by Federal Rule of Civil Procedure 15(a).  Under Federal Rule of Civil Procedure 15(a)(1)(B), "a party may amend its pleading *once* as a matter of course within . . . 21 days after service of a responsive pleading[.]" (emphasis added).  Otherwise, Plaintiffs must proceed under Rule 15(a)(2), which requires either "the opposing party's written consent or the court's leave."  The rule provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' "  *Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A proposed amendment is futile and may be denied if the additional claims would not survive a motion to dismiss.  *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

IV.   Discussion

Gooding has already amended the complaint once as a matter of course. His second amended complaint was not accompanied with a motion for leave to amend, in which he could have explained the purposes for the amendment. Thus, his motion for an extension of time to amend the complaint a second time was not in error.

Nevertheless, the Court understands that Gooding is proceeding *pro se* and does not receive the Court's orders the moment they are filed. He has explained in the present motion that he did not receive the district judge's order of partial dismissal of his original complaint before having already filed his first amended complaint. Therefore, he has provided good reason for the Court to reconsider its decision that the *first* amended complaint, and not the *second*, should govern.

To the extent that Gooding intends to reinstate claims against Secontine, his motion is denied. As the district judge explained in his screening order:

> Plaintiff names defense attorney J. Randall Secontine as a defendant in this case. It is well-settled, however, that retained and appointed attorneys functioning as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. . . . Because Secontine is not a state actor subject to suit under § 1983, the federal law claims against him must be dismissed.

(ECF No. 6, PageID.53-54). The district judge also declined to exercise pendent jurisdiction over any state law claims against Secontine. (*Id.*). Gooding has provided no reason to alter this decision.

5

Additionally, the screening order resulted in the dismissal of Gooding's civil conspiracy claim against all defendants. Gooding's second amended complaint does not appear to restate a civil conspiracy claim, but to the extent one could be read into this complaint, it would again be subject to dismissal.

Beyond those issues, the Court finds no reason not to accept the second amended complaint as the governing complaint. Therefore, Gooding's motion is granted in part to allow the second amended complaint to govern, but denied in part as his claims against Secontine shall remain dismissed.

V. Conclusion

For the reasons stated above, Gooding's motion for reconsideration (ECF No. 23) will be GRANTED IN PART and DENIED IN PART. The second amended complaint (ECF No. 22) shall govern, but Gooding's civil conspiracy claim and all claims against Secontine remain dismissed.

SO ORDERED.

Dated: October 17, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2024.

                                                    s/Kristen Castaneda
                                                    KRISTEN CASTANEDA
                                                    Case Manager