UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY GOODING,

    Plaintiff,                                     Case No. 24-CV-12097

vs.                                             HON. MARK A. GOLDSMITH

NICHOLAS EVANS et al.,

    Defendants.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 10, 2025 (Dkt. 54) and (2) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (Dkt. 29)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on June 10, 2025 (Dkt. 54). In the R&R, the Magistrate Judge recommends that Defendants' motion to dismiss (Dkt. 29) be granted in part. Specifically, it recommends that the Court deny the motion with respect to Gooding's excessive force and state law assault and battery claims against Stephen Ennis, Brian Otto, Smith, and the Doe defendants and that the Court grant the motion with respect to all other claims, including all claims against Nicholas Evans and Michael Ramelis.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Defendants' motion to dismiss (Dkt. 29) is granted in part. All claims against Evans and Ramelis are dismissed. All other claims are dismissed apart from Gooding's excessive force and state law assault and battery claims against Stephen Ennis, Brian Otto, Smith, and the Doe Defendants.

SO ORDERED.

Dated: July 30, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager